# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

FELIPE MENDOZA,         )
                               )
         Movant,         )
                               )
      v.                )         No. 4:05-CV-2332-CAS
                               )
UNITED STATES OF AMERICA,   )
                               )
        Respondent.   )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Felipe Mendoza, an inmate at the Federal Correctional Institution in Beaumont, Texas, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### Background

On July 5, 1994, Mendoza entered a plea of guilty to conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846. On September 30, 1994, Mendoza was sentenced to 262 months of imprisonment to be followed by five years of supervised release. *See United States v. Mendoza*, Case No. 4:94-cv-00068-CAS (E.D. Mo.). This Court's records indicate that Mendoza appealed his sentence to the Eighth Circuit Court of Appeals, which, on April 26, 1995, affirmed the judgment of the district court. *United States v. Mendoza*, WL 238842, *1 (8th Cir. 1995) (unpublished). Mendoza did not seek a rehearing, nor did he seek a writ of certiorari to the Supreme Court of the United States.

Mendoza previously sought relief pursuant to § 2255 in a case filed June 27, 2001. The Court denied Mendoza's motion finding that 1) Mendoza could not bring a retroactive claim under *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), even on initial collateral review; 2) Mendoza's

motion was time-barred; and 3) Mendoza presented no reason why the limitation period should be equitably tolled.  *See Mendoza v. United States*, Case No. 4:01-cv-00919-CAS (E.D. Mo.). Mendoza appealed this dismissal to the Eighth Circuit Court of Appeals, which denied Mendoza's application for a certificate of appealability and dismissed his appeal on December 18, 2001.  *See Mendoza v. United States*, No. 01-3295 (8th Cir. Dec. 11, 2001).  On May 1, 2002, the United States Supreme Court denied Mendoza's request for a writ of certiorari.

On November 29, 2002, Mendoza filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure or, alternatively, pursuant to the All Writs Act.  On December 19, 2002, the Court denied Mendoza's Rule 60(b) motion, finding that the motion was, in effect, an unauthorized second habeas petition which could not be used to circumvent restraints on successive habeas petitions.  The Court also denied Mendoza's motion under the All Writs Act because the appropriate means for Mendoza to challenge his sentence was through procedures established by 28 U.S.C. § 2255.  No further appeal was taken.

### The motion

Mendoza alleges that his Sixth Amendment rights were violated by the imposition of an enhanced sentence based on the  judge's determination of facts that were not found by a jury or admitted by Mendoza.  Mendoza seeks relief pursuant to the  Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005).  Plaintiff also cites *Dodd v. United States*, 125 S.Ct. 2478 (2005), where the Supreme Court held that the one-year limitation period for filing motions to vacate begins to run on the date on which the Supreme Court "initially recognized" the right asserted.  *Dodd*, 125 S.Ct. at 2482.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

### A.     Second or successive petition.

As noted above, Mendoza previously sought relief pursuant to 28 U.S.C. § 2255.  Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Because there is no indication that the Eighth Circuit Court of Appeals has certified the instant motion as required by § 2255, this Court lacks jurisdiction to entertain this action under § 2255.

The Second, Sixth and Tenth Circuits have held that when a petitioner files a second or successive habeas petition or § 2255 motion in the district court, without first seeking permission from the court of appeals, the case could be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).  The First and Seventh Circuits have acknowledged, in dicta, that a district court could make such a transfer under § 1631.  *See Pratt v. United States,* 129 F.3d 54, 57 (1st Cir. 1997), *cert. denied,* U.S. 1123, 118 S.Ct. 1807, (1998); *Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996).

Under § 1631, a "court shall, if it is in the interest of justice, transfer such action...to any other

court in which the action...could have been brought at the time it was filed." *Liriano*, 95 F.3d at 122

(quoting 28 U.S.C. § 1631). If the case were transferred, the court of appeals would then consider

whether the second or successive petition met the statutory requirements for consideration by the

district court. *Id.* at 122-23.

Accordingly, this Court could transfer this motion to the Eighth Circuit Court of

Appeals pursuant to 28 U.S.C. § 1631, if such transfer were in the interests of justice. Movant has

presented no circumstances which would entitle him, in the interest of justice, to such transfer. Even

if applicable, a transfer under § 1631 would not benefit Mendoza because his application, in addition

to being second or successive, is indisputably time-barred.

**B.      Statute of limitations.**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2255 now provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation
period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the movant was prevented from making a motion by
such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have
been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C.

§ 2255(1) and is subject to summary dismissal. As noted above, Mendoza entered a guilty plea on

July 5, 1994, and was sentenced on September 30, 1994. On April 26, 1995, the Eighth Circuit Court of Appeals affirmed the sentence imposed by the district court. Mendoza did not petition for a writ of certiorari from the Supreme Court. Allowing ninety days after the appellate court's affirmation of the conviction and sentence, the judgment of conviction became final on July 25, 1995. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003) ("...[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Accordingly, Mendoza had until July 25, 1996, in which to file his § 2255 motion. The instant motion, however, was not filed until December 13, 2005. It is, therefore, time-barred.

Mendoza would apparently argue that his motion falls under § 2255(3) which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Liberally construing the motion, it appears that Mendoza argues that the Supreme Court's decision *Booker* announced a new rule which is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his § 2255 motion.

This argument, however, is without merit. In *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), a panel of the Eighth Circuit Court of Appeals held that the precursor to *Booker, i.e., Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of *Teague v. Lane*, 489 U.S. 288 (1989) barred the retroactive application of an *Apprendi* claim on collateral review. Similar reasoning prevents *Booker* from being applied retroactively in the instant case.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), Mendoza has not asserted any facts indicating that equitable tolling applies in this case. *Id.* (noting that, in habeas context, equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED**, without prejudice, as time- barred.

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 6th day of January, 2006.

_____

**UNITED STATES DISTRICT JUDGE**